IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HIRAM LEBRON FIGUEROA,          :
                                :
          Petitioner             :
                                :
     v.                          :     CIVIL NO. 4:CV-14-2180
                                :
J. A. ECKARD,                    :     (Judge Brann)
                                :
          Respondent             :

**MEMORANDUM**

November 14, 2014

**Background**

   Hiram Lebron Figueroa, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Huntingdon Superintendent J. A. Eckard. Accompanying the Petition is an in forma pauperis application which will be granted for the sole purpose of the filing of this action with this Court. Service of the Petition has not yet been ordered.

   According to the Petition, Figueroa entered a guilty plea to multiple charges in the Court of Common Pleas of Lancaster County, Pennsylvania. See Doc. 1, ¶

1

4. He was sentenced on February 7, 2012 to an aggregate minimum eight (8) year term of imprisonment. See id. at ¶ 5. Petitioner's pending action challenges the legality of his guilty plea on the basis that he received ineffective assistance of counsel. Specifically, Figueroa maintains that he is entitled to federal habeas corpus relief because his plea counsel erroneously told hin that he would only have to serve four (4) years before becoming eligible for placement in a pre-release center.

## **Discussion**

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is attacking the legality of a guilty plea which was entered in the

Court of Common Pleas of Lancaster County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.  See 28 U.S.C. § 118.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application."  Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A district court may transfer a habeas petition pursuant to § 1404(a).  See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Petitioner asks that this matter remain in the Middle District of Pennsylvania because his witnesses reside in Lackawanna and Luzerne counties.  See Doc. 1, ¶ 9.  However, Petitioner is presently confined at SCI-Huntingdon which is not located within either Lackawanna or Luzerne County.  Any proceedings conducted by the undersigned would also not be held in either Lackawanna or Luzerne County.

Moreover, the state trial court, as well as any records, counsel, and other

3

witnesses, are located within the United States District Court for the Eastern District of Pennsylvania.  As such, it would be prudent to transfer this action to the Eastern District of Pennsylvania.  An appropriate Order will enter.

                BY THE COURT:

                <u>s/ Matthew W. Brann</u>
                Matthew W. Brann
                United States District Judge